**Unalea KIRK, Plaintiff-Respondent,**

v.

**ESTATE OF Charles V. GARR, Deceased, Paul E. Harmon, Personal Representative, Defendant-Appellant.**

**No. 14861.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 29, 1987.

Richard T. Martin, Edward F. O'Herin, Gainesville, for plaintiff-respondent.

Michael J. Patton, Sherry A. Rozell, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, and Daniel P. Wade, Wade and Haden, Ava, for defendant-appellant.

PREWITT, Presiding Judge.

Paul E. Harmon, the personal representative of the estate of Charles V. Garr, deceased, appeals from a judgment for plaintiff. Following jury trial plaintiff received a verdict of $9,500 on her claim for "services rendered" to the decedent. The services were listed in her claim as "From —9–1977 Until 7–85, Labor, Land Improvement and Domestic duties". By answer defendant pleaded that there was a "family relationship" between the parties and "any services rendered were done so gratuitously."

Plaintiff and decedent were living together at the time of his death. They had discussed marriage but were "leery" of it because neither wanted "to go through a divorce suit again". Plaintiff testified that they never referred to each other as husband or wife but that "People that didn't know us thought we was married."

Defendant claims that the trial court erred in not submitting an instruction he offered. Plaintiff submitted her claim under an instruction following MAI 28.04 [1981] "Verdict Directing—Quantum Meruit Recovery Sought Where Family Relationship is an Issue".[*] It stated:

"Your verdict must be for plaintiff if you believe:

First, plaintiff furnished to Charles Garr valuable services, and

Second, Charles Garr accepted the benefits of such services, unless you believe plaintiff is not entitled to recover by reason of Instruction No. 8."

Instruction Number 8, submitted by defendant, was patterned after MAI 32.16 [1981]. It stated:

"Your verdict must be for the defendant if you believe that at the time the services were furnished to Charles Garr there existed between Plaintiff and Charles Garr such a relationship that there was a natural or moral obligation to support and care for each other."

Defendant offered an instruction following MAI 32.15 [1981] "Affirmative Defens-

---

[*] MAI 28.04 [1981] is the same form of instruction as MAI 28.03 [1981] "Verdict Directing—Action Against Estate by One Admittedly Not in a Family Relationship".

es—Gratuitous Furnishing of Services". That instruction stated:

"Your verdict must be for defendant if you believe that at the time the services were furnished to Charles V. Garr plaintiff did not intend to make a charge for her services."

The trial judge apparently refused this instruction because he believed it was prohibited by MAI 28.00 [1981] "Verdict Directing—Services Furnished Decedent—General Comment". Under MAI 28.00 actions are divided into two categories, one where the parties are in a "family relationship" and the other when they are not. When there is no family relationship the plaintiff is referred to as a "stranger". It is stated there that when a "claim is made by a stranger, the defendant may offer the affirmative defense of payment using MAI 32.14 or the affirmative defense that services were furnished gratuitously, using MAI 32.15."

Where family relationship is in dispute MAI 28.04 [1981] is used. MAI 32.16 [1981] "Family Relationship", according to its Notes on Use is "[t]o be used as a defense to MAI 28.04 *only*." MAI 32.15 "Gratuitous Furnishing of Services", according to the Committee's Comment following it "is intended for use in conversing actions by strangers." See also *Lauf v. Wiegersen*, 17 S.W.2d 369, 371 (Mo.App. 1929) (Gratuitous furnishing of services an affirmative defense to stranger's action).

Here, the action was brought by one whose status was in dispute but according to the jury's determination was a "stranger". Had defendant considered her as such he could have submitted MAI 32.15. It could be inferred from the Comments under MAI 32.15 and MAI 28.00 that both MAI 32.15 and MAI 32.16 cannot be submitted, although nowhere is that expressly stated.

If gratuitously furnishing services is an affirmative defense to an action by a stranger then it would be an affirmative defense to an action where the jury determines that the plaintiff is a stranger. A defendant should be able to claim that there was a family relationship and that the services were furnished gratuitously. Submitting the family relationship question would not eliminate the defense of gift. Defendant was entitled to submit defenses under both MAI 32.15 and MAI 32.16. The trial court erred in refusing defendant's instruction patterned after MAI 32.15.

The judgment is reversed and the cause remanded for a new trial.

HOGAN, FLANIGAN and MAUS, JJ., concur.